UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

              Plaintiff,

    - against -

APPROXIMATELY 1,170 CARATS OF ROUGH
DIAMONDS SEIZED AT JOHN F. KENNEDY
INTERNATIONAL AIRPORT ON JANUARY 13,
2004,

              Defendants in rem.

- - - - - - - - - - - - - - - - - - - -X

ORDER

CV 2005-5816 (ARR)(MDG)

The United States of America (the "government") commenced this action for forfeiture of approximately 1,170 carats of rough diamonds (the "defendant diamonds") seized from claimant Mark Kalisch ("Kalisch") for allegedly attempting to import the defendant diamonds into the United States from Brazil without a Kimberley Process Certificate, in violation of the Clean Diamond Trade Act ("CDTA"), 19 U.S.C. §§ 3901, et seq. See ct. doc. 1. The government has moved to compel Kalisch to testify at a deposition without restriction on the use of his testimony in this or any other proceeding, see ct. doc. 40, while Kalisch has cross-moved for a protective order limiting the government's use of his deposition testimony to this action. See ct. doc. 42.

## BACKGROUND

After commencement of this action, Kalisch and his sole proprietorship, Marco Kalisch Imports, Inc., filed a claim for the defendant diamonds in February 2006. See ct. doc. 4.

Kalisch then filed a voluntary bankruptcy petition under Chapter 11 in the U.S. Bankruptcy Court for the Southern District of New York in April 2006. See ct. doc. 40-2 at ¶ 7. In September 2006, Kalisch commenced an adversary proceeding in the bankruptcy court (the "adversary proceeding") seeking to avoid repayment of a $1.5 million loan to Maple Trade Finance Corporation ("Maple") secured by the defendant diamonds. See id. at ¶ 4; ct. doc. 12. In that proceeding, Kalisch raised an in pari delicto defense, contending that the loan agreement with Maple is an "illegal contract . . . involving the illegal exportation of undocumented diamonds smuggled from native Indian reservations in western Brazil accomplished through corrupt payment to a government employee who was a silent partner, in violation of the Federal Corrupt Practices Act . . . ." See ct. doc. 40-2 at ¶ 2.

Kalsich seeks a protective order restricting use of his deposition testimony to this case in order to prevent the government's subsequent use of his potentially incriminating testimony in another proceeding. While initally objecting to any protective order, at a hearing on June 19, 2007, the government consented to an order barring the government's use of Kalisch's testimony in any future proceeding brought by the government against Kalisch. See ct. doc. 46 at 4-6, 10-12. Claimant Maple opposes Kalisch's motion to the extent Kalisch seeks to restrict the use of his deposition testimony in other civil actions or bankruptcy proceedings. See ct. doc. 41.

DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking to protect discovery material from public disclosure has the burden of showing "good cause." Fed. R. Civ. P. 26(c); see In Re Agent Orange Product Liability Litigation, 821 F.2d 139, 145-46 (2d Cir. 1987). This requires a particularized showing of "the specific harm that would result from disclosure or loss of confidentiality." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

Because civil forfeiture actions are closely intertwined with potential criminal proceedings, a claimant may be faced with a harsh dilemma: "remain silent and allow the forfeiture or testify against the forfeitablity of his property and expose himself to incriminating admissions." See United States v. Certain Real Property and Premises Known as 4003-4005 5th Avenue, 55 F.3d 78, 83 (2d Cir. 1995) (quoting United States v. $250,000, 808 F.2d 895, 900-01 (1st Cir. 1987)); see also United States v. Leasehold Interest in 121 Nostrand Ave, 760 F. Supp. 1015, 1034 (E.D.N.Y. 1991) (dilemma faced by claimant "substantially impinges on a claimant's Fifth Amendment privilege against self-incrimination"). In light of this tension, "courts should make special efforts to 'accommodate both the constitutional privilege against self-incrimination as well as the legislative intent behind the forfeiture provision.'" Certain Real Prop., 55 F.3d

at 83 (quoting United States v. United States Currency, 626 F.2d 11, 15 (6th Cir. 1980)); see also SEC v. Graystone Nash, Inc., 25 F.3d 187, 194 (3d Cir. 1994) ("[W]hen the government is a party in a civil case and also controls the decision as to whether criminal proceedings will be initiated, special consideration must be given to the plight of the party asserting the Fifth Amendment"). The accommodation reached by the court should "further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." Certain Real Prop., 55 F.3d at 84; see also Martindell v. Int'l Telephone and Telegraph Corp., 594 F.2d 291, 295 (2d Cir. 1979) (Rule 26(c) is designed to "encourag[e] full disclosure of all evidence that might conceivably be relevant").

The nature of the specific accommodation implemented is within the court's discretion. See Certain Real Prop., 55 F.3d at 85. A protective order preventing a claimant's testimony from being used in another proceeding is one method of accommodating the parties' competing interests.[1] See Certain Real Prop., 55 F.3d at 83 n.4, 84 n.6. Indeed, the Second Circuit has upheld protective orders designed to prevent the government from using potentially incriminating testimony against a deponent in subsequent proceedings. See, e.g., Minepco S.A. v. Conticommodity Servs., Inc., 832 F.2d 739, 742-43 (2d Cir. 1987) (denying CFTC's motion to modify protective order); Palmieri v.

---

[1] Other accommodations suggested by the Second Circuit include staying discovery in the civil action or attempting to arrange for immunity for the claimant. See Certain Real Prop., 55 F.3d at 84 n.6.

-4-

State of New York, 779 F.2d 861, 866 (2d Cir. 1985) (upholding protective order that was specifically intended to preclude Attorney General from learning details of case); Martindell, 594 F.2d at 295-97 (recognizing that government's "awesome" investigatory powers "render unnecessary its exploitation of the fruits of private litigation").

Kalisch has carried his burden of showing "good cause." This Court finds, as all parties acknowledged during oral argument, that Kalisch has reasonable fears of prosecution should he testify at his deposition. Thus, a protective order restricting the disclosure of Kalisch's testimony[2] serves to facilitate the disclosure of relevant evidence while still respecting Kalisch's Fifth Amendment privilege. In addition, a protective order as to Maple's subsequent use of Kalisch's testimony would also be necessary to protect Kalisch's Fifth Amendment rights, even though Maple is not a governmental entity with the ability to bring a future criminal prosecution based on information elicited in this proceeding. Cf. Martindell, 594 F.2d at 292 (affirming order denying access to transcripts of deposition taken pursuant to stipulation that the depositions should be treated as confidential and used solely for the

---

[2] Given the government's consent to restrict the use of Kalisch's testimony, I need not reach its argument that Kalisch has waived his Fifth Amendment rights by filing the complaint in the adversary proceeding. However, as I observed at the first hearing, it is well established that testimony in one proceeding does not waive the privilege in an independent proceeding. See United States v. Balsys, 119 F.3d 122, 139 (2d Cir. 1997), rev'd on other grounds, 524 U.S. 666 (1998); United States v. Housand, 550 F.2d 818, 821 n.3 (2d Cir. 1977); United States v. Miranti, 253 F.2d 135, 139 (2d Cir. 1958).

action); Leasehold Interest, 760 F. Supp. at 1034 (permitting filing of sealed affidavits to accommodate claimant's Fifth Amendment privilege). Absent restrictions, any use of Kalisch's deposition testimony by Maple in other proceedings could afford non-federal prosecutors, including state and Brazilian prosecutors, a source of information for prosecutions by those other authorities.

On the other hand, given Kalisch's contentions in the adversary proceeding, it would be unfair to limit Maple's use of Kalisch's deposition testimony in that proceeding or any other civil proceeding concerning the transactions at issue. Thus, this Court finds that although Maple is entitled to the use of any information obtained at the deposition, any testimony designated by Kalisch as confidential, as set forth below, must be filed under seal. At the June 19, 2007 hearing, this Court gave Maple an opportunity to file objections to filing documents under seal, and it has not done so. Moreover, requiring Maple to abide by the restrictions set forth here would not undermine its ability to challenge any contentions made by Kalisch in any other litigations, nor would it abridge the public's right of access to other proceedings. Cf. SEC v. TheStreet.com, 273 F.3d 222, 232-32 (2d Cir. 2001) (no common law right of public access to deposition testimony).

## CONCLUSION

For the foregoing reasons, the government's motion to compel is denied and claimant Kalisch's motion for a protective order is

granted in part as follows:

1. Kalisch's testimony is to be used solely for the purpose of conducting this litigation and may not be shown, distributed or disseminated to any other person or otherwise used for any other purpose, except as permitted below. The government may use Kalisch's testimony for impeachment purposes in any other proceeding or in connection with a perjury prosecution arising out of his deposition testimony. The government may also use information derived from Kalisch's deposition testimony against other individuals or entities in any other proceeding, provided such use is not in connection with a criminal proceeding against Kalisch.

2. Maple may use Kalisch's deposition testimony in other proceedings against Kalisch or Marco Kalisch Imports, Inc. concerning the defendant diamonds, the loan agreement, the guarantee and the business relationship that gave rise to those agreements.

3. Kalisch may designate portions of his deposition testimony as confidential concerning matters to which he would not have testified absent this protective order and which implicate his Fifth Amendment rights. Any designation must be made within thirty days of receipt of the transcript of his testimony. Any party disputing Kalisch's designations must promptly attempt to resolve such objection and bring any objection to the attention of this Court within thirty days after receipt of the designations. Any portion of Kalisch's deposition transcript designated as confidential

must be filed under seal when used, except if such use is in connection with a criminal proceeding as described in paragraph 1.

**SO ORDERED.**

Dated:     Brooklyn, New York
             July 17, 2007

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE